UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ROBERT TAYLOR,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>GCI LIBERTY, INC., a/k/a GENERAL COMMUNICATION, INC.; and EASTERN ALEUTIAN TRIBES, INC.,<br><br>　　　　　　　　Defendants. | CASE NO. 2:19-cv-02029-LK<br><br>ORDER GRANTING UNITED STATES' *EX PARTE* APPLICATION FOR EXTENSION OF TIME TO CONSIDER ELECTION TO INTERVENE<br><br>**FILED UNDER SEAL** |

　　　This matter comes before the Court on the Government's sixth *ex parte* application for an extension of time to consider whether to intervene. Dkt. No. 23. Having considered the Government's application and the relevant record, the Court GRANTS the Government's application for an extension of time to January 11, 2023.

　　　In December 2019, Relator Robert Taylor filed a complaint under seal against GCI Liberty, Inc. and Eastern Aleutian Tribes, Inc. under the qui tam provisions of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729–33. Dkt. No. 1. Following five extensions of time, the Government's

ORDER GRANTING UNITED STATES' EX PARTE APPLICATION FOR EXTENSION OF TIME TO CONSIDER ELECTION TO INTERVENE - 1

deadline to elect whether to intervene in the action was September 26, 2022. Dkt. Nos. 5, 7, 11, 17, 20. On September 23, 2022, the Government moved for another extension of time, noting that the parties have reached a proposed agreement in principle to settle the matter, and citing the need for additional time to allow the parties to effectuate the proposed settlement. Dkt. No. 23 at 1–2. Relator and Defendant GCI Communication Corporation[1] support the request for an extension. Dkt. No. 23-1 at 2–3.

"In FCA cases initiated by a private relator, the Government has an unfettered right to intervene within 60 days after service of the complaint and all material evidence the relator possesses, with extensions of the period for intervention available for good cause." *United States v. Acad. Mortg. Corp.*, 968 F.3d 996, 1008 (9th Cir. 2020) (citing 31 U.S.C. § 3730(b)(2)–(3)). However, as the Court noted in its March 28, 2022 Order, the Government does not have an unfettered right to rubber-stamp extensions. The Court cautioned that it would not allow this case to slip into "a 'comfortable routine' of [an extension] request followed by another request[.]" Dkt. No. 20 at 3 (quoting *United States ex rel. Brasher v. Pentec Health, Inc.*, 338 F. Supp. 3d 396, 401 (E.D. Pa. 2018)).

Here, the Court finds that the Government has shown good cause for its request. The Government contends that the extension is required for the parties to effectuate their settlement in principle, which requires coordination between the Department of Justice ("DOJ"), the Federal Communications Commission ("FCC"), Relator, and GCI. Dkt. No. 23 at 5; *accord* Dkt. No. 23-1 at 2–3 (letter from Relator and GCI). In addition, the Government requires additional time to obtain approval from DOJ officials and concurrence in the settlement from the FCC. *Id.* at 6.

---

[1] According to the letter jointly submitted by Relator and GCI, GCI Liberty, Inc. was merged with Liberty Broadband Corporation, causing GCI Holdings, LLC to become a wholly-owned subsidiary of Liberty Broadband. Dkt. No. 23-1 at 2 n.1. GCI Communications Corp. is a wholly-owned subsidiary of GCI Holdings. *Id.*

Finding good cause, the Court GRANTS the Government's *ex parte* application and ORDERS the Government to notify the Court whether it will intervene by January 11, 2023. The Clerk is DIRECTED to maintain the Second Amended Complaint, this Order, and other filings in this matter under seal until further order of the Court.

Dated this 4th day of October, 2022.

*Lauren King*
Lauren King
United States District Judge

FILED UNDER SEAL - 3