UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ROBERT TAYLOR,<br><br>      Plaintiff,<br>  v.<br><br>GCI LIBERTY, INC., a/k/a GENERAL COMMUNICATION, INC.; and EASTERN ALEUTIAN TRIBES, INC.,<br><br>      Defendants. | CASE NO. 2:19-cv-02029-LK<br><br>ORDER GRANTING UNITED STATES' *EX PARTE* APPLICATION FOR EXTENSION OF TIME TO CONSIDER ELECTION TO INTERVENE<br><br>**FILED UNDER SEAL** |

  This matter comes before the Court on the Government's seventh *ex parte* application for an extension of time to consider whether to intervene. Dkt. No. 25. Having considered the Government's application and the relevant record, the Court GRANTS the Government's application for an extension of time to May 11, 2023.

  In December 2019, Relator Robert Taylor filed a complaint under seal against GCI Liberty, Inc. and Eastern Aleutian Tribes, Inc. under the qui tam provisions of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729–33. Dkt. No. 1. Following six extensions of time, the Government's

ORDER GRANTING UNITED STATES' EX PARTE APPLICATION FOR EXTENSION OF TIME TO CONSIDER ELECTION TO INTERVENE - 1

deadline to elect whether to intervene in the action was January 11, 2023. Dkt. Nos. 5, 7, 11, 17, 20, 24. On January 10, 2023, the Government moved for another extension of time, reiterating that the parties have reached a proposed agreement in principle to settle the matter, but need more time than initially anticipated to effectuate a global resolution. Dkt. No. 25 at 1–2, 4–6. Relator and Defendant GCI Communication Corporation support the request for an extension. Dkt. Nos. 25-2, 25-3.

"In FCA cases initiated by a private relator, the Government has an unfettered right to intervene within 60 days after service of the complaint and all material evidence the relator possesses, with extensions of the period for intervention available for good cause." *United States v. Acad. Mortg. Corp.*, 968 F.3d 996, 1008 (9th Cir. 2020) (citing 31 U.S.C. § 3730(b)(2)–(3)). However, as the Court noted in its March 28, 2022 Order, the Government does not have an unfettered right to rubber-stamp extensions. The Court cautioned that it would not allow this case to slip into "a 'comfortable routine' of [an extension] request followed by another request[.]" Dkt. No. 20 at 3 (quoting *United States ex rel. Brasher v. Pentec Health, Inc.*, 338 F. Supp. 3d 396, 401 (E.D. Pa. 2018)).

Here, the Court finds that the Government has shown good cause for its request. Over the last seal period, the Department of Justice ("DOJ") and GCI preliminarily agreed to a settlement amount, and a formal recommendation has been sent to officials within the DOJ with authority to act. Dkt. No. 25 at 5. DOJ and GCI have also "engaged in numerous conversations to discuss the details of a proposed resolution, exchanged multiple drafts of the proposed settlement agreement, and continue to negotiate the detailed terms of those agreements." *Id.* Simultaneously, the Federal Communications Commission's Enforcement Bureau is negotiating a consent decree with GCI. *Id.* Due to the complexity of the program rules and issues, "negotiations have been necessarily protracted and required many rounds of proposals and counterproposals." *Id.* The Government

contends that the extension is required for the parties to effectuate their settlement in principle and obtain the necessary approvals. *Id.* at 6. The Federal Communications Commission supports the Government's request for an extension. *Id*.

Finding good cause, the Court GRANTS the Government's *ex parte* application and ORDERS the Government to notify the Court whether it will intervene by May 11, 2023. The Clerk is DIRECTED to maintain the Second Amended Complaint, this Order, and other filings in this matter under seal until further order of the Court.

Dated this 13th day of January, 2023.

*Lauren King*

Lauren King
United States District Judge